

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-26-00220-CV

---

In Re Ka C. Wong, M.D.

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Before the Court is Relator Ka C. Wong, M.D.'s (Wong) petition for writ of mandamus based on the grant of a new trial in the underlying cause.[1] We conditionally granted mandamus relief twice before in the same cause in *In re Wong*, No. 08-25-00098-CV, 2025 WL 2055536, at *6 (Tex. App.—El Paso July 22, 2025, orig. proceeding) (mem. op.) (*Wong II*), and *In re Wong*, No. 08-24-00354-CV, 2024 WL 4983171, at *4 (Tex. App.—El Paso Dec. 4, 2024, orig.

---

[1] The underlying case is *Deborah Yates Contreras v. Ka C. Wong, M.D.*, Cause No. 2018DCV0109, pending in the 384th District Court of El Paso County, Texas.

proceeding) (mem. op.) (*Wong I*). Wong seeks a writ of mandamus directing Respondent, the Honorable Patrick M. Garcia, Judge of the 384th District Court of El Paso County, Texas, to vacate his order granting a new trial based on a motion filed by Real Party in Interest, Deborah Yates Contreras (Yates). We conditionally grant mandamus relief.

## I. BACKGROUND

Yates filed a medical negligence lawsuit against Wong and requested a trial by jury. She alleged in her live pleading that he acted negligently in placing an IVC filter without informing her of its risks, in failing to timely remove the filter, in failing to protect her from further complications, in failing to address any known or suspected embolisms, in failing to refer her to a competent cardiologist, in misdiagnosing her cardiac condition, and in failing to obtain her informed consent. Wong answered the lawsuit generally denying Yates's allegations and asserted defenses including contributory negligence, third-party liability, and pre-existing injury.

During a nearly weeklong jury trial, Yates, Wong, and other witnesses testified including medical experts. Multiple exhibits were also admitted into evidence including a representative IVC filter and catheter, coupled with relevant manufacturer inserts recommending removal of the filter within 30 days of its placement. Among the witnesses, Mahammad Laiq Raja, M.D., testified that Yates had sought treatment from him about ten months after Wong had placed the IVC filter. He testified he recommended removal of the filter. However, when Raja tried to do so, he explained he was unsuccessful because it was stuck in position due to scarring.

The jury returned a verdict in favor of Wong, finding that even though Wong had failed to adequately disclose certain risks and hazards to Yates, a reasonable person would not have refused the treatment if the risks had been disclosed. Further, the jury found that any negligence by Wong

did not proximately cause Yates's injury but found that Yates's negligence did proximately cause her injury. The jury apportioned 100% liability to Yates and awarded her no damages.

On January 24, 2024, Yates filed a motion for new trial based on newly discovered evidence. In a one-page order, the trial court granted the motion without stating a reason. Wong sought a writ of mandamus from this Court, which we granted. *Wong I*, 2024 WL 4983171, at *1. We directed the trial court to vacate the order granting new trial and enter a new order specifying the reason or reasons for the ruling. *Id.* at *4.

On January 7, 2025, the trial court entered a second order granting Yates's motion for new trial accompanied with findings of fact and conclusions of law. Wong again sought mandamus relief, which we granted. *Wong II*, 2025 WL 2055536, at *6 (concluding the record did not support a grant of a new trial based on newly-discovered evidence). We directed the trial court to vacate the new-trial order and proceed in the normal course with post-trial stages of litigation. *Id.* at *6. Yates then filed a petition for writ of mandamus with the Texas Supreme Court, which it denied. *See In re Deborah Yates Contreras*, Case No. 25-1006 (Dec. 19, 2025).

When the case returned to the trial court, Yates filed an amended motion for new trial, on February 13, 2026, asserting the jury verdict "[made] no sense" and it was contradictory. On February 19, 2026, the trial court granted Yates's motion by a one-page order stating:

> The Court, having fully considered the motion and response, and having heard the argument of counsel, is of the opinion that the motion should be granted.
>
> IT IS THEREFORE ORDERED that [Yates's] motion is GRANTED and a New Trial is hereby Ordered.

Wong moved to vacate the order and requested the trial court enter judgment on the jury's verdict. The trial court did not rule on Wong's motion and did not set the issue for a hearing. Instead, the trial court set the case for trial on August 7, 2026.

Wong next filed a petition for writ of mandamus asking this Court to direct Judge Garcia to vacate his February 19 order. We ordered Yates to file a response to the petition but no response has been filed as of the date of this decision. *See* Tex. R. App. P. 52.4.

## II. STANDARD OF REVIEW

To obtain mandamus relief, a relator must generally satisfy two prongs: (1) show relator has no adequate remedy at law; and (2) establish the trial court committed a clear abuse of discretion. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Because the Supreme Court of Texas has recognized that no adequate remedy is available when a trial court issues an erroneous order for new trial following a jury trial, the first prong is undoubtedly met based on the type of order at issue. *In re Columbia*, 290 S.W.3d 204, 210 (Tex. 2009) (orig. proceeding). We focus our inquiry, then, on the second prong of the well-established standard. The central question here is whether the record establishes the trial court clearly abused its discretion in granting a new trial.

## III. ABUSE OF DISCRETION

Texas law well recognizes that "[j]ury trials are essential to our constitutionally provided method for resolving disputes when parties themselves are unable to do so." *Id*. at 211 (citing Tex. Const. art. I, § 15, art. V, § 10). It is for this reason that the trial court's discretion in granting new trials is not "limitless." *Id*. at 210; *see also* Tex. Const. art. 1, § 15 (right to trial by jury "shall remain inviolate"). As the Texas Supreme Court explained in *Columbia*: "jurors whose lives were interrupted so they could serve, and the public that finances the judicial system and depends on its open operations to assure fair processes for dispute resolution[,]" are entitled to know why a verdict was disregarded and overturned. *In re Columbia*, 290 S.W.3d at 211. And it further noted the parties were also "entitled to an understandable, reasonably specific explanation why their expectations

4

are frustrated by a jury verdict being disregarded or set aside, the trial process being nullified, and the case having to be retried." *Id*. at 213. Thus, to protect the constitutional right to a trial by jury, the Supreme Court requires that a trial court provide litigants with "'an understandable, reasonably specific explanation' for setting aside a jury verdict and ordering a new trial." *In re Bent*, 487 S.W.3d 170, 172 (Tex. 2016) (citing *Columbia*, 290 S.W.3d at 213).

To resolve a petition for writ of mandamus on its merits, we must first consider whether a new-trial order satisfies the facial requirements established in *Columbia* and *United Scaffolding*. The trial court's "stated reason" must be (1) "legally appropriate," articulating a "well-defined legal standard," or a "defect that probably resulted in an improper verdict," and (2) "specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reason[ ] from the particular facts and circumstances from the case at hand." *Id*. at 175–76 (quoting *In re United Scaffolding*, 377 S.W.3d 685, 688–89 (Tex. 2012) (orig. proceeding)). If the new-trial order satisfies facial requirements, courts are then required to "conduct a merits review of the bases for [the] new trial order" and "grant mandamus relief '[i]f the record does not support the trial court's rationale for ordering a new trial.'" *Id.* at 173 (quoting *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 749 (Tex. 2013) (orig. proceeding)). In short, a two-step process is followed: first, we review the sufficiency of the trial court's stated reasons for granting a new trial; second, if the stated reasons are facially valid, we conduct a merits-based review of the reasons given. *United Scaffolding*, 377 S.W.3d at 688–89; *Toyota*, 407 S.W.3d at 749, 758. For background context, we begin with the two previous orders that were vacated by this Court.

### A. The two previous mandamus proceedings

In Wong's first petition for writ of mandamus, the trial court's order granting Yates's motion for new trial stated in pertinent part:

> The Court, having fully considered the motion and response, and having heard the argument of counsel, is of the opinion that the motion should be granted.

> IT IS THEREFORE ORDERED that the judgment rendered in this cause January 19, 2024, and the verdict of the jury on which the judgment was rendered, are set aside, and that the motion for new trial of this cause is GRANTED.

We held that the trial court failed to provide a meaningful reason for granting new trial and, therefore, failed to facially satisfy the sufficiency requirements imposed on orders granting a new trial following a jury verdict. *See Wong I*, 2024 WL 4983171, at *3 (citing *In re Rudolph Auto., LLC*, 674 S.W.3d 289, 299 (Tex. 2023) (orig. proceeding) and *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d at 209).

In the second proceeding, we considered the trial court's second order granting new trial. *Wong II*, 2025 WL 2055536, at *3. The trial court accompanied its order with findings of facts and conclusions of law, which provided as follows:

> 1. Plaintiff filed suit against the Defendant Wong who was served on January 9, 2018.

> 2. Defendant answered discovery on April 23, 2018. His responses were not supplemented.

> 3. Defendant was deposed on August 26, 2019. His deposition testimony was not supplemented.

> 4. Defendant Wong did not supplement his discovery responses nor his own expert opinions which he attempted to change at the time of trial.

> 5. The Defendant changed his expert opinion during trial concerning the causation of the injury to Plaintiff and failed to timely supplement.

> 6. Defendant Wong violated Rule 193.5(b) T.R.C.P. by not timely supplementing his discovery.

7. Defendant Wong violated Rule 192.3 T.R.C.P. by failing to timely supplement discovery concerning his expert opinions.

8. Defendant Wong violated Rule 195.6 T.R.C.P. by failing to timely supplement discovery. His new opinions were not timely disclosed.

9. There was no good cause for failing to timely supplement his discovery under Rule 193.6 T.R.C.P.

10. The new evidence testified to by Defendant Wong was untimely, prejudicial and could not be excluded.

11. The new testimony of Defendant Wong warranted a New Trial.

12. The jury verdict was contradictory and against the weight of the evidence.

In reviewing this order, we deciphered two reasons the trial court relied on to grant the new trial: (1) newly discovered evidence in the form of Wong's "changed [] expert opinion" and (2) that the evidence was factually insufficient to support the jury's verdict. *Id.* at *4. In considering the facial validity of the order, we held that it failed to meet the facial requirement for granting a new trial on the grounds of factual insufficiency because it failed to provide any case-specific explanation or record-based detail to show how the evidence undermined the jury's findings. *Id.* at *4 (citing *In re Bent*, 487 S.W.3d at 176) ("[A] new-trial order based on a factual-sufficiency review 'must indicate that the trial judge considered the specific facts and circumstances of the case at hand and explain how the evidence (or lack of evidence) undermines the jury's findings.'")). It was also facially invalid regarding the ground of newly discovered evidence because it failed to identify specific facts and circumstances qualifying as newly discovered evidence. *Id.* at *5 (*In re Iftikhar Ahmed, P.A.*, No. 01-19-00584-CV, 2020 WL 894460, at *6 (Tex. App.—Houston [1st Dist.] Feb. 25, 2020, orig. proceeding) (mem. op.) (finding a new trial order that stated, "new evidence in the form of over forty autopsy photographs" and that the

"evidence is so material that it would probably produce a different result," was facially insufficient)).

To avoid further delay in the case, we reviewed the "newly discovered evidence" basis stated in the order and concluded it was not supported by the record. *Id.* at \*5–6. Specifically, we concluded that the finding that Wong failed to supplement his discovery was not supported by the record as Wong properly pleaded contributory negligence in his answer and, in his most recent discovery responses, he had responded that Yates was contributorily negligent for failing to follow up as he had instructed. *Id.* at \*6. Additionally, we concluded Wong's purported "changed testimony"—in the form of him placing blame on Yates for failing to comply with his instructions as opposed to placing blame on the doctor who removed the filter—did not qualify as newly discovered evidence because (1) Wong's testimony came to light *during* trial and not *since* trial, (2) the evidence was cumulative as other experts had similarly testified that Yates bore responsibility to comply with doctor's instructions on the timely removal of the filter, and (3) Yates failed to show the evidence in question would have probably produced a different result. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010) (providing that a party seeking a new trial on grounds of newly discovered evidence must demonstrate that "(1) the evidence has come to its knowledge since the trial, (2) its failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted").

For all these reasons, we conditionally granted mandamus relief and directed the trial court to vacate its new-trial order and proceed with the post-trial stage of litigation. *Id.* at \*6.

**B. Third order granting new trial**

As before, Wong again brings a petition seeking relief against a third grant of new trial by the trial court. Similar to *Wong I*, the trial court's latest order states the motion and arguments of counsel were considered, but it otherwise provides no reason for its ruling on its face. *Wong I*, 2024 WL 4983171, at *3. In a single substantive sentence, the order states: "The Court, having fully considered the motion and response, and having heard the argument of counsel, of the opinion that the motion should be granted." Based on the standards enunciated by *Columbia* and *United Scaffolding*, the order fails to provide a "reasonably specific explanation" on why the jury's verdict is "being disregarded or set aside." *Columbia*, 290 S.W.3d at 213; *United Scaffolding*, 377 S.W.3d at 688–89.

We further note that the trial court's order contradicts and disregards our prior opinion in *Wong II*. Under the law of the case doctrine, questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986); *Trevino v. Turcotte*, 564 S.W.2d 682, 685 (Tex. 1978). The third order granting a new trial is contrary to the law of the case because the reasons the trial court previously relied upon, and those argued by Yates in her motion for new trial, were foreclosed by our opinion in *Wong II. See In re United Services Auto. Ass'n*, 521 S.W.3d 920, 928 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (applying holding of its prior opinion to the trial court's second new trial order and granting mandamus relief when the trial court's rational for granting new trial disregarded and contradicted the questions of law decided by the prior opinion).

Based on these reasons, we conclude the trial court clearly abused its discretion in granting a new trial following a jury verdict without satisfying facial requirements. We sustain Wong's sole issue.

## IV. CONCLUSION

We conditionally grant Wong's petition for writ of mandamus. We direct Respondent to vacate its new-trial order dated February 19, 2026, and to render judgment on the jury's verdict within 30 days from this decision. The writ will issue only if Respondent fails to do so without delay. All pending motions are dismissed as moot.

GINA M. PALAFOX, Justice

July 7, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.